UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| DENNIS MIKEL, | ) |
| Plaintiff, | ) ) ) |
| v. | ) No. 1:16-cv-01795-JMS-DML ) |
| DOCTOR IPPLES, et al, | ) ) |
| Defendants. | ) ) |

**Entry Discussing Defendant Jennifer Smith's Motion for Summary Judgment**

Plaintiff Dennis Mikel brought this action pursuant to 42 U.S.C. § 1983 alleging that the defendants have violated his rights by failing to treat his hernia and by not providing him with a bottom bunk pass and proper medications. Mr. Mikel seeks summary judgment against all defendants and defendant Jennifer Smith has moved for summary judgment on Mr. Mikel's claims against her. For the following reasons, Ms. Smith's motion for summary judgment, dkt. [93], is **granted** and Mr. Mikel's motion for summary judgment is **denied** to the extent that he seeks summary judgment on his claims against Ms. Smith.

**Summary Judgment Standard**

Federal Rule of Civil Procedure 56(a) provides that summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." In ruling on a motion for summary judgment, the admissible evidence presented by the non-moving party must be believed and all reasonable inferences must be drawn in the non-movant's favor. *Hemsworth v. Quotesmith.com, Inc.*, 476 F.3d 487, 490 (7th Cir. 2007); *Zerante v. DeLuca*, 555 F.3d 582, 584 (7th Cir. 2009) ("We view

the record in the light most favorable to the nonmoving party and draw all reasonable inferences in that party's favor."). However, "[a] party who bears the burden of proof on a particular issue may not rest on its pleadings, but must affirmatively demonstrate, by specific factual allegations, that there is a genuine issue of material fact that requires trial." *Hemsworth*, 476 F.3d at 490. Finally, the non-moving party bears the burden of specifically identifying the relevant evidence of record, and "the court is not required to scour the record in search of evidence to defeat a motion for summary judgment." *Ritchie v. Glidden Co.*, 242 F.3d 713, 723 (7th Cir. 2001). Even though the parties have filed cross motions for summary judgment, the general standards for summary judgment do not change: with "cross summary judgment motions, we construe all facts and inferences therefrom 'in favor of the party against whom the motion under consideration is made.'" *In re United Air Lines, Inc.*, 453 F.3d 463, 468 (7th Cir. 2006)

**Undisputed Facts**

The following statement of facts has been considered pursuant to the standard set forth above.

The Indiana Department of Correction ("IDOC") has developed an Offender Grievance Process ("OGP"), which is intended to permit inmates, including those incarcerated in the NCCF, "to resolve concerns and complaints relating to their conditions of confinement" prior to filing suit in Court.

Jennifer Smith is the Grievance Specialist at NCCF and served in that position at the time relevant to Mr. Mikel's Complaint. As the Grievance Specialist, Ms. Smith is responsible for logging offender grievances and responses into the grievance computer system. She is also the

custodian of NCCF's grievance records, including the initial grievance documents filed by inmates as well as responses and appeals.

Ms. Smith located two grievances filed by Mr. Mikel related to his medical care: number 88295 and number 88635. Pursuant to the OGP, Ms. Smith logged, investigated, and provided a Level 1 response to Mr. Mikel for each grievance. As a part of the investigation of the grievances, Ms. Smith submitted the matter, with investigatory questions, to the Health Services Administrator at the NCCF. The Health Services Administrator represents the private company contracted to provide medical care and services to inmates at the NCCF. She responded to Ms. Smith by providing answers about his medical care and his request for a bottom bunk pass.

Ms. Smith is not medically trained, is not under contract with the IDOC to provide any medical services or care to inmates incarcerated by the IDOC in the NCCF, and does not have any knowledge about inmates' medical conditions or what treatment or care for them is reasonable. Those matters are controlled by the private contractor that provides medical care to NCCF inmates.

**Discussion**

Mr. Mikel's claim against Ms. Smith is that she was deliberately indifferent to his serious medical needs in violation of his Eighth Amendment rights through her failure to investigate his grievances related to his medical care. Ms. Smith argues that she was not deliberately indifferent to Mr. Mikel's medical needs because she properly investigated his grievances.

Pursuant to the Eighth Amendment, prison officials have a duty to provide humane conditions of confinement, meaning, they must take reasonable measures to guarantee the safety of the inmates and ensure that they receive adequate food, clothing, shelter, and medical care.

*Farmer v. Brennan*, 511 U.S. 825, 834 (1994). To prevail on an Eighth Amendment deliberate indifference medical claim, a plaintiff must demonstrate two elements: (1) he suffered from an objectively serious medical condition; and (2) the defendant knew about the plaintiff's condition and the substantial risk of harm it posed, but disregarded that risk. *Id.* at 837; *Pittman ex rel. Hamilton v. County of Madison, Ill.*, 746 F.3d 766, 775 (7th Cir. 2014). Non-medical prison employees, like Ms. Smith, may generally rely on the decisions of medical personnel in making healthcare decisions for inmates. *See Arnett v. Webster*, 658 F.3d 742, 755-56 (7th Cir. 2011). But non-medical defendants cannot simply ignore an inmate's plight. *Id.* (citing *Greeno,* 414 F.3d at 656 (stating that "[p]erhaps it would be a different matter if [the non-medical defendant] had ignored Greeno's complaints entirely, but we can see no deliberate indifference given that he investigated the complaints and referred them to the medical providers who could be expected to address Greeno's concerns.")); *see also Berry,* 604 F.3d at 440 ("As a nonmedical administrator, [defendant] was entitled to defer to the judgment of jail health professionals so long as he did not ignore [the inmate]."). "The plaintiff must demonstrate that the communication, in its content and manner of transmission, gave the prison official sufficient notice to alert him or her to an excessive risk to inmate health or safety." *Arnett*, 658 F.3d at 755-56 (internal quotations omitted). Once an official is alerted of such a risk, the "refusal or declination to exercise the authority of his or her office may reflect deliberate disregard." *Perez v. Fenoglio*, 792 F.3d 768, 782 (7th Cir. 2015) (quoting *Arnett*, 658 F.3d at 756).

The record in this case reflects that Ms. Smith investigated Mr. Mikel's grievances by notifying appropriate medical personnel about his complaints and asking them questions about his care and his request for a bottom bunk pass. The medical personnel responded to her

4

questions with information regarding Mr. Mikel's medical care. There is no evidence that Ms. Smith ignored Mr. Mikel's complaints or that she was presented with information that would have alerted her to an excessive risk to Mr. Mikel's health. *See Arnett*, 658 F.3d at 756. Mr. Mikel contends that he asked Ms. Smith to see him personally, but she received responses from the medical personnel to the grievances and was permitted to rely on them. *Id.* She therefore was not deliberately indifferent to Mr. Mikel's serious medical needs. Ms. Smith is entitled to summary judgment on Mr. Mikel's claims against her.

## Conclusion

For the foregoing reasons, Ms. Smith's motion for summary judgment, dkt. [93], is **granted**. Mr. Mikel's motion for summary judgment is **denied in part** to the extent that he seeks summary judgment on his claims against Ms. Smith. Mr. Mikel's request for summary judgment against the other defendants will be addressed in separate orders.

No partial final judgment shall issue as to the claims resolved in this ruling.

**IT IS SO ORDERED.**

Date: 7/25/2018

Hon. Jane Magnus-Stinson, Chief Judge
United States District Court
Southern District of Indiana

Distribution:

DENNIS MIKEL
972897
NEW CASTLE - CF
NEW CASTLE CORRECTIONAL FACILITY - Inmate Mail/Parcels
1000 Van Nuys Road
NEW CASTLE, IN 47362

All electronically registered counsel